984

## SIPE v. UNITED STATES.
## LAUBAUGH v. SAME.
### Nos. 9009, 9012.

United States Court of Appeals
District of Columbia.

Decided June 29, 1945.

Mr. James J. Laughlin, of Washington, D. C., for appellants.

Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellants were convicted in the District Court of violating the White Slave Traffic Act.[1] Several contentions were argued in the briefs, but on oral argument counsel agreed that the only issue for our determination is the sufficiency of the evidence to support the verdict.

■ The applicable rule is that the judgment must be affirmed if, taking the view most favorable to the Government, there is substantial evidence to support the verdict.[2] An examination of the record shows that there was such evidence in the present case.

■ To support their contention to the contrary, appellants rely upon the decision of the Supreme Court in the Mortensen case.[3] But that case is clearly distinguishable. There the Court said: "To punish those who transport inmates of a house of prostitution on an innocent vacation trip in no way related to the practice of their commercial vice is consistent neither with the purpose nor with the language of the Act."[4] Here no innocent vacation trip was involved. There the Supreme Court said: "The return journey under the circumstances of this case cannot be considered apart from its integral relation with the innocent round trip as a whole. There is no evidence of any change in the purpose of the trip during its course."[5] Here, on the contrary, the girl ran away from appellants in Washington, with a seventeen year old boy, hoping to marry him. They were later discovered in an Indiana town by appellants, who employed a local taxicab driver to help them hunt down the girl. They frightened the boy away from her and brought her back to Washington. There was no round trip, in the usual sense, here, but a voluntary outgoing one and a coerced return. There is substantial evidence of change of purpose in the going and the coming back. There is no doubt that appellants' purpose in forcing her to return to Washington was either to return her to public prostitution or to live with one of them, in adultery. In either case they offended against the provisions of the Mann Act.[6] The present case is a clear

---

[1] 18 U.S.C.A. §§ 397–404.

[2] Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28, 30, cert. denied 65 S.Ct. 1015.

[3] Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.

[4] Id., 322 U.S. 369, at page 377, 64 S.Ct. 1037, 1041, 88 L.Ed. 1331.

[5] Id., 322 U.S. 369, at page 375, 64 S.Ct. 1037, 1041, 88 L.Ed. 1331.

[6] Cf. Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168.

violation, not only of the letter, but the spirit of the law.[7]

Affirmed.

[7] Mortensen v. United States, 322 U.S. 369, 377, 64 S.Ct. 1037, 1041, 88 L.Ed. 1331: "Congress was attempting primarily to eliminate the 'white slave' business which uses interstate and foreign commerce as a means of procuring and distributing its victims and 'to prevent panderers and procurers from compelling thousands of women and girls against their will and desire to enter and continue in a life of prostitution.' H.Rep. No. 47, p. 10 (61st Cong., 2d Sess.). The same statement appears in S. Rep. No. 886, p. 10 (61st Cong., 2d Sess.). See also, 45 Cong. Rec. 805, 821, 1035, 1037."