277 P.2d 1016

**STATE of Arizona, Appellee,**

v.

**Carl J. FOLK, Appellant.**

No. 1057.

Supreme Court of Arizona.
Dec. 30, 1954.

W. Dean Nutting, Holbrook, for appellant.

Ross F. Jones, Atty. Gen., R. Dean Burch, Asst. Atty. Gen., and Melvyn T. Shelley, County Atty., G. Guy Axline, Deputy County Atty., Holbrook, for appellee.

LA PRADE, Justice.

The defendant-appellant, Carl Folk, was convicted of the crime of first degree murder, and sentenced to be executed. From the judgment and sentence he has perfected this appeal.

The state contended that the murder was deliberate and premeditated, and accomplished in the perpetration of or attempt to perpetrate rape, robbery and burglary. The evidence convincingly supported these contentions.

The facts briefly stated, omitting many atrocious circumstances, are as follows:

Mr. and Mrs. R. A. Allen and their infant child were traveling from Pennsylvania toward California in a house trailer which was pulled by a pickup truck. On the night of December 1, 1953 they obtained parking facilities at Goodwater, Navajo County, Arizona, and retired for the night. At approximately eleven o'clock in the evening the defendant, Carl Folk, entered their trailer, bound the Allens hand and foot, and informed them he intended to steal their truck. The defendant drove the truck and trailer approximately one-half mile from Goodwater and parked the vehicles alongside the highway. Folk remained in or around the trailer until daylight (approximately seven hours). It appears that at one time he entered the trailer where Mrs. Allen was bound, carrying a burning torch, and inflicted burns on her body. Mr. Allen testified that his wife screamed at various times and complained to the effect that he was spreading her too far and that he was under the impression that she was being raped. In the morning, around six o'clock, Mr. Allen managed to untie his legs and escaped to the nearby highway where he obtained assistance from two passing trucks. The drivers of these trucks cut the rope binding Mr. Allen's arms and returned with him to the trailer, where he (Allen) obtained a pistol from his truck with which he shot and wounded Folk as he stepped from the trailer. Upon entering the trailer Allen and the truck drivers discovered that Mrs. Allen was dead. Apparently she had been throttled with a bed sheet which was around her neck.

■ The trial court permitted the trial to commence with the testimony of two witnesses who conducted laboratory experiments on the defendant's underclothes. Their testimony was to the effect that these garments had been in contact with the bedrobe of Mrs. Allen. The defendant claims that this order of proof was error since the corpus delicti had not been established. The two witnesses were members of the Federal Bureau of Investigation and were required to travel to a distant part of the country at a near date. For their convenience the trial court permitted them to testify first. We find no substantial error here. The order of proof is largely a matter of discretion with the trial court, Turley v. State, 1936, 48 Ariz. 61, 59 P.2d 312, and the evidence was admissible as a circumstance to prove the offense of rape. State v. Guerrero, 1942, 58 Ariz. 421, 120 P.2d 798. No prejudice resulted from this procedure.

■ The defendant claims error in admitting in evidence a pocketknife and toy pistol found in his possession, on the theory that there was no reason for introducing this evidence other than to prejudice the jury. We fail to agree. The defendant testified that he used the pocketknife to cut the rope used in binding the Allens. As an instrument used in the commission of one of the attending felonies, it was properly admitted. People v. Raucho, 1935, 8 Cal. App.2d 655, 47 P.2d 1108. The toy pistol resembled a dangerous weapon and could have been displayed to create fear in the Allens. That the gun may not have been necessary in the commission of the crime would not detract from its evidentiary value in showing preparation. State v. Terrel, 1932, 175 La. 758, 144 So. 488. Its presence was part of the res gestae and admissible as such. Phillips v. People, 1941, 107 Colo. 250, 110 P.2d 977.

■ The trial court instructed the jury on murder by torture. The defendant claims this was error because there was no basis in the evidence upon which such an instruction could be given. The only evidence of physical torture was small burns on the decedent's body, the largest about the size of a quarter. These burns, in themselves, could not have caused the decedent to die, or have been a contributing factor in her death. Medical testimony fixed the cause of death as suffocation caused by strangulation. While the infliction of these burns undoubtedly caused the decedent pain such pain does not necessarily constitute murder by torture. People v. Tubby, 1949, 34 Cal.2d 72, 207 P.2d 51. Murder by torture constitutes first degree murder, but differs from torture which is independent of the cause of death. Our statute, Section 43–2902, A.C.A.1939, omits the word "torture" which, when accompanied by murder, will be first degree murder. It reads:

"All murder * * * which is committed in the perpetration of, or at-

tempt to perpetrate, arson, rape, robbery, burglary or mayhem, is murder of the first degree * * *."

In the absence of evidence indicating that the death was caused by torture the instruction was erroneous. Instructions must relate to the evidence. State v. Singleton, 1947, 66 Ariz. 49, 182 P.2d 920. Yet such error is not necessarily prejudicial. In McCann v. State, 1919, 20 Ariz. 489, 182 P. 96, at page 99, we said:

"The giving of instructions, though correct as statements of abstract rules of law, but which find no basis in the evidence, is not to be commended. It is technical, but not reversible, error, unless there is reason to believe that some prejudice resulted."

This is not a case in which the erroneous instruction, which was correct as an abstract statement of the law, permitted the jury to consider a degree of murder not supported by other evidence. The error is that the offense could not have been committed by the technique of torture, inferrable from the instruction given.

Since the jury found the defendant guilty of murder it would appear impossible that their verdict, of first degree murder, could have differed had the instruction been omitted. When defendant committed murder, that murder occurred in the commission of the felonies of burglary and robbery, which under Section 43–2902, supra, made it first degree murder. The defendant testified, in effect, that he attempted robbery for when asked what he did after deciding to steal the truck he replied on direct examination:

"So then I opened the trailer door and looked in and they seemed to be asleep. So I still had the rope in my hand and the flashlight in my other hand and I went in the trailer and throwed the light on them and told them to roll over, that I was going to tie their hands; that I wanted to use their truck."

When the jury found the defendant guilty of murder the fact that the crime was or was not done by torture would not vary the result. In view of the defendant's statement the jury had to return the verdict which they did.

The defendant assigns as error the refusal to give his requested instruction on second degree murder. At the trial defendant stated that he attempted to rob the Allens. If murder was committed in this attempt it necessarily had to be first degree murder. The only way in which the jury could conclude that the crime was second degree murder would be by finding the defendant guilty of non-premeditated murder and not guilty of the felonies of rape, robbery and burglary, or their attempt. Such a finding would be contrary to the evidence

and the defendant's own statement. In the absence of some basis in the evidence upon which the jury could correctly find second degree murder the court properly refused the instruction. Burgunder v. State, 1940, 55 Ariz. 411, 103 P.2d 256.

■ The defendant also claims error in the language used by the trial court in instructing the jury on murder of the first degree. The defendant contends that the court erroneously used the term "unlawful killing" rather than the word murder. It is asserted that the jury was instructed that any unlawful killing constituted murder in the first degree. A part of the charge to which the defendant objects reads:

"To constitute murder in the first degree, the unlawful killing, if any, must be accompanied with the deliberate and clear intention to take life, except when perpetrated by means of torture or when committed in the perpetration of or in the attempt to perpetrate rape, robbery, or burglary, as those terms are hereafter defined. The unlawful killing, if any, must be accomplished with a deliberate and clear intention to take life in order to constitute murder of the first degree. The intention to kill must be the result of deliberate premeditation."

While the defendant is correct in stating that any "unlawful killing" is not neces- sarily murder it does not appear that the court was referring to any possible unlawful killing. An unlawful killing, as that term is defined by this charge, is murder in the first degree and closely follows the wording of the statute, Section 43–2902, supra. Compare the instruction discussed in State v. Eisenstein, 1951, 72 Ariz. 320, 235 P.2d 1011. We find no merit in this assignment.

■ The defendant also assigns as error the trial court's instruction on the elements constituting the crime of rape. It is asserted that there was no evidence upon which to base this instruction. We cannot agree. Mr. Allen testified that he heard sounds indicating sexual advances by the defendant, and that his wife complained of pain caused thereby. Medical evidence disclosed that the decedent's vaginal area indicated trauma consistent with the act or its attempt. Microscopic examination of the defendant's underclothing showed contact with the decedent's bedrobe. While the defendant denied this assault, contending that he removed his clothes to adjust a hernia, there was sufficient evidence justifying the instruction on the crime of rape.

■ The defendant's final arguments are that the evidence failed to support the verdict and that the jury was prejudiced. The evidence disclosed that Folk stalked the Allens from New Mexico, entered the trailer, bound the Allens, robbed them, raped,

tortured and murdered Mrs. Allen, and stole the truck and trailer. While there were no eye-witnesses to all these events, murder in the first degree may be based upon circumstantial evidence when it is clear, convincing and satisfies the mind beyond a reasonable doubt. State v. Betts, 1951, 71 Ariz. 362, 227 P.2d 749; Knight v. State, 1937, 50 Ariz. 108, 69 P.2d 569. The final contention is that the jury was so prejudiced that they could not give defendant a fair trial. The seriousness of local animosity toward defendant was a matter to be determined by the trial court. The claimed prejudice of the jury was a ground contained in the defendant's motion for a new trial. In the absence of proof of prejudice we must assume the court correctly evaluated this contention and properly concluded that defendant received a fair trial.

Defendant's court-appointed counsel is to be commended for his competent and untiring efforts in behalf of his client in the trial court and on appeal. On reading this record one cannot fail to be impressed with the view that learned counsel exercised the utmost care to see that the rights of the accused were fully protected and that he in fact received a fair and impartial trial.

The judgment is affirmed.

PHELPS, C. J., and STANFORD, UDALL and WINDES, JJ., concur.