**Benny WIGFALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 12826.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 21, 1955.

Decided Feb. 2, 1956.

Mr. Milo G. Coerper, Washington, D. C. (appointed by this Court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., and Messrs. Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Wigfall was indicted upon a charge of robbery, tried by a jury, and convicted. Upon his appeal he makes two points, (1) that the evidence was insufficient to sustain the conviction and (2) that the trial judge in addressing the jury erred in using the words "jostled" and "jostling"

when the word of the complaining witness was "hulking".[1]

The case on the facts was quite brief, the only testimony being that of the complainant and the arresting officer. The woman complainant was on a streetcar. She was carrying a black leather purse and in the purse a wallet containing some cash. When she left her seat and went to the car door to exit she carried the purse, closed and kept shut with a secure catch in good condition, on her left arm. She felt a pressure from her purse on her left hip. She ignored it but then felt it again and, looking up and back, saw Wigfall "short of hulking over" her. She was annoyed. No one else was standing at her left side. She alighted from the car and stepped immediately to the sidewalk, where she saw that her purse was open and the wallet gone. She reported the matter to the police, with a description, and later picked Wigfall out of a lineup.

■ In our jurisprudence the credibility of witnesses and the derivation of the truth from oral testimony are reposed in the hearer of the witnesses. Demeanor, inflection and gesture, both on direct examination and under cross examination, are elements in those determinations. Sole witnesses are commonplaces of the courtroom. The jury chooses what to believe and whether the proof thus believed is convincing beyond a reasonable doubt. The present case is a typical one for the application of those fundamental rules.

■ This court has held several times that the verdict of the jury must be sustained if there is substantial evidence to support it.[2] In the case at bar we think it is quite clear that if the jury believed the woman complainant it could have been convinced of Wigfall's guilt beyond a reasonable doubt. If the wallet was in the purse and the purse was closed with a secure catch, and if the owner felt the purse twice being pressed against her left hip, and if Wigfall was then hulking over her and no one else was on that side of her, and if immediately thereafter the wallet was gone, reasonable minds might well believe guilt beyond reasonable doubt within the framework of those proven circumstances.

Wigfall invokes another version of the rule respecting appellate consideration of jury verdicts. This court has said that where all the substantial evidence is as consistent with innocence as with guilt it is the duty of the appellate court to reverse.[3] But, as we have just pointed out, the proven circumstances in the present case are not as consistent with innocence as with guilt. Only by speculating outside the proven facts could innocence be inferred, and the jury was not compelled thus to speculate.

Wigfall says that, although it is possible to infer from the circumstances that he took the wallet, it is also reasonable to infer that the pocketbook opened and the

1. This is the second time this case has been here. By order of February 15, 1955, this court vacated the sentence and remanded the case for a hearing upon the competency of the accused to stand trial, following the doctrine of Wear v. United States, D.C.Cir.1954, 94 U.S.App. D.C. 325, 218 F.2d 24. That hearing was held, competency was found, Wigfall was resentenced, and he now presents the merits of his appeal from the judgment of conviction.

2. Mendelson v. United States, 1932, 61 App.D.C. 127, 58 F.2d 532; Morton v. United States, 1945, 79 U.S.App.D.C. 329, 147 F.2d 28, certiorari denied, 1945, 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428; Sipe v. United States, 1945, 80 U.S.App.D.C. 194, 150 F.2d 984, certiorari denied, 1946, 326 U.S. 788, 66 S.Ct. 473, 90 L.Ed. 478; McGuinn v. United States, 1951, 89 U.S.App.D.C. 197, 191 F.2d 477. And also see Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

3. Cady v. United States, 1923, 54 App. D.C. 10, 11, 293 F. 829, 830; Hammond v. United States, 1942, 75 U.S.App.D.C. 397, 127 F.2d 752.

wallet fell out, or that someone else took the wallet. But there is no fact shown from which it could be inferred that the purse just fell open. The evidence was that it was fastened with a secure catch which had to be turned to open the purse, that it could not be shaken loose, and that it would not come open of its own accord. And there was no fact shown from which it could be inferred that somebody other than Wigfall opened the purse and took the wallet. While the woman was seated in the car the purse was in plain view on top of some packages in her lap. When she rose and stepped about three feet to the exit door she hung the purse over her left arm and nobody was at her left side except Wigfall. Neither of the two "inferences" asserted as possible by Wigfall is an inference from a proven circumstance; both are merely imaginary, mere possible speculations with no supporting factual circumstance. If the jury believed the testimony of the woman complainant, as they had a right to do, they might well have excluded every hypothesis save that of Wigfall's guilt as a factual inference from the proven facts.

Although Wigfall phrases his contentions as we have described them, the real essence of his position is that the prosecution did not sustain its burden of proof, that it did not prove guilt beyond a reasonable doubt, that its proof fell short. We think the proof did not fall short. Upon the proven facts there need not have been a reasonable doubt of guilt in these jurors' minds.

The trial court's use of the word "jostling" causes little difficulty. The word came into the case in two questions asked the complaining witness by the prosecutor. She answered both questions in the affirmative. The court did not err in using a term thus adopted by her.

Affirmed.