George R. HUNT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17207.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 1, 1963.

Decided Feb. 28, 1963.

Mr. Stephen S. DeLisio, Washington, D. C. (appointed by this court), for appellant.

Mr. Tim Murphy, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles B. Duncan, Principal Asst. U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Mr. Robert D. Devlin, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, BASTIAN and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

Appellant and a co-defendant were convicted under a one-count indictment charging robbery[1] in that they "by force and violence and against resistance and by sudden and stealthy seizure and snatching and by putting in fear, stole and took from the person and from the immediate actual possession of Marie G. Ali, property of Marie G. Ali, of the

---

1. 22 D.C.Code § 2901 provides:
   "Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than fifteen years."

value of about $28.00, consisting of one wallet of the value of $1.00 and $27.00 in money." Appellant asks reversal of his conviction, alleging that the trial court, on request, in this purely circumstantial case, refused to give the "every reasonable hypothesis of innocence" charge [2] in the language of our opinion in Carter v. United States, 102 U.S.App. D.C. 227, 252 F.2d 608 (1957). Appellant also alleges that the trial court erred in refusing to grant his motion for a judgment of acquittal based on insufficiency of the evidence as to the charge of robbery and the lesser included offense of larceny.

About 6:00 P.M. on December 12, 1961, Mrs. Ali was subjected to the apparently normal jostling of a bus stop crowd of 20 or 25 persons while boarding a bus. On entering the bus she noticed that her purse was open and her wallet missing. She looked through the bus window to the bus stop from whence she had come and saw the appellant, Hunt, with his co-defendant, Kitt, shaking hands. She alighted from the bus at its first stop and, accompanied by two policemen, proceeded toward Seventh Street where she had boarded the bus. As Mrs. Ali and her armed escort approached Seventh Street, they noticed Hunt and Kitt, who immediately began to run. The officers gave pursuit and succeeded in arresting Kitt, who threw Mrs. Ali's wallet in the gutter a few feet from the place where the arrest was effected. Hunt continued running, but was also caught and brought back to confront Kitt. Initially both denied knowing each other. Later, however, Hunt admitted knowing Kitt and fleeing with him on sighting the police. He also admitted that, as the police were approaching with Mrs. Ali, Kitt said, "There's that woman." Whereupon they both fled.

Mrs. Ali testified that her wallet, when it was in her purse, contained one twenty-dollar bill and seven ones. When the police found the wallet in the gutter, the seven ones were gone from it, but four one-dollar bills were found on Kitt and three one-dollar bills on Hunt. On trial, Hunt took the stand and testified that he had eleven dollars on him at the time of his arrest. This testimony apparently surprised defense counsel who, after a

---

**2.** The instruction as requested by appellant read:

"In order to find the defendants guilty of robbery you must find that the government has established beyond a reasonable doubt that one of them snatched the wallet from the person or immediate actual possession of Mrs. Ali. The evidence of this snatching is all circumstantial since Mrs. Ali has testified that she did not see anyone take the wallet nor feel any pressure on her purse. In order to infer a snatching from this evidence you must find that there is substantial evidence of facts which exclude every reasonable hypothesis but that of guilt. If you find all the substantial evidence is consistent with some reasonable explanation of how the wallet came into the defendants' possession without their snatching it from the handbag, then your verdict must be not guilty of robbery. It is not necessary to a verdict of acquittal of robbery that the hypothesis of innocence be as likely as the hypothesis of snatching by the defendants. Any reasonable hypothesis must be excluded by the facts. Therefore if you find it would be reasonable to believe that the handbag came open by accident and the wallet fell out and that this explanation has not been excluded by the government's evidence, you must find the defendants not guilty. This is so even if you find this explanation, though reasonable, is less likely than the explanation that the wallet was snatched out of the handbag by one or both of the defendants.

"There is no direct evidence of a snatching of the wallet. You may infer this from the circumstantial evidence but you are instructed that unless there is substantial evidence of facts which exclude every reasonable hypothesis but that of guilt, the verdict must be not guilty. If you find all the substantial evidence is consistent with any reasonable hypothesis of innocence, the verdict must be not guilty. It is not necessary to a verdict of acquittal that on the basis of the facts established, a hypothesis of innocence be as likely as one of guilt; any reasonable hypothesis of innocence must be excluded by the facts."

brief recess, advised the court that Hunt wanted to correct his testimony. Hunt then testified that he did indeed have only three dollars on him when arrested and that he had testified to having more than that amount because, under the circumstances, he was afraid of the implication of having just three. On cross-examination it was also developed, for purposes of testing credibility, that Hunt had been convicted of offenses similar to the one which was on trial on five prior occasions.

## I.

In Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), in upholding the trial court's refusal to instruct that "where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt," the Court said: "There is some support for this type of instruction in the lower court decisions [citing cases], but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect [citing cases and authorities]."

■■■ It is true that in Carter, supra, decided after Holland, supra, this court did say "that the rule for the jury is that, unless there is substantial evidence of facts which exclude every reasonable hypothesis but that of guilt, the verdict must be not guilty, and that, where all the substantial evidence is consistent with any reasonable hypothesis of innocence, the verdict must be not guilty." Carter v. United States, supra, 102 U.S.App.D.C. at 231–232, 252 F.2d at 612–613. The ultimate test for the jury in a criminal case, however, is whether the defendant has been proved guilty beyond a reasonable doubt. This applies whether the evidence relied on for conviction is direct or circumstantial, or both. In explaining reasonable doubt in a circumstantial case, it would not be improper to give an "every reasonable hypothesis" instruction in the language of Carter. But where the jury is proper-

ly instructed otherwise on the standard for reasonable doubt, a charge in the language of Carter is not required. Holland v. United States, supra.

## II.

In arguing his second point based on the insufficiency of the evidence, appellant fragments the Government's case and then seeks to show that each fragment considered in isolation is consistent with an hypothesis of innocence. For example, appellant argues that the fact that he and Kitt were shaking hands at the bus stop a few moments after the alleged offense proves nothing except that perhaps Hunt, in spite of his initial denial to the police, was acquainted with Kitt. He also argues that his flight with Kitt on seeing the police coming with "that woman" was an act of "terrorized innocence" in that he had just been released from jail and on impulse fled when Kitt fled. He also suggests that his perjurious attempt to mislead the court and the jury as to the number of one-dollar bills he had on his person at the time of his arrest is a circumstance which should be disregarded as the act of an "innocent [man] caught in a web of circumstances." Cooper v. United States, 94 U.S.App.D.C. 343, 345, 218 F.2d 39, 41 (1954).

■ Unfortunately for appellant, the jury must take the Government's case as a whole and determine whether as a whole it proves guilt beyond a reasonable doubt. Certainly friends do shake hands, and there are indeed "so many reasons for [flight] consistent with innocence, that it scarcely comes up to the standard of evidence tending to establish guilt." Alberty v. United States, 162 U.S. 499, 510, 16 S.Ct. 864, 868, 40 L.Ed. 1051 (1896). But the handshaking here put appellant at the scene of the offense moments after it occurred with a co-defendant who threw Mrs. Ali's wallet in the gutter on being arrested by the police. And, while flight certainly does not raise a presumption of guilt, it is still admissible evidence of consciousness of guilt. Alberty v. United States,

supra; Hickory v. United States, 160 U.S. 408, 16 S.Ct. 327, 40 L.Ed. 474 (1896); Vick v. United States, 5 Cir., 216 F.2d 228 (1954). Nor did the Government's case stop there. Hunt initially denied he even knew Kitt. He was found with three one-dollar bills in his pocket which, without more, might mean little. But when he sought to deceive the court, his counsel and the jury with reference to his cash position on arrest, the finding of the three one-dollar bills takes on added importance and becomes persuasive evidence.

■ It is clear from the record, we think, that there was sufficient evidence, circumstantial though it be, to warrant a jury in coming to the conclusion beyond a reasonable doubt that Hunt knowingly had part of Mrs. Ali's money in his pocket, that he ran to avoid being caught and connected with the crime, and that he lied when caught, and on the witness stand, in an effort to absolve himself of complicity with his co-defendant, Kitt. Assuming that in a circumstantial case the evidence must indeed negative every reasonable hypothesis of innocence, the question of reasonableness is still one for the jury.[3]

■ We are, however, unable to say that there was sufficient evidence to allow the case to go to the jury on a charge of robbery. Robbery, as defined by the statute, requires proof of a taking from the person of another "by sudden or stealthy seizure or snatching, or by putting in fear."[4] There is here no substantial evidence to show that the offense committed was robbery as distinguished from larceny. Every fact proved by the Government is as consistent with larceny, the lesser offense, as with robbery. Under the circumstances, the case should not have been submitted to the jury on the greater offense. The jury should not have been allowed to speculate as to whether the wallet was picked from Mrs. Ali's purse or whether it dropped to the ground in the jostling of the crowd.[5] Significantly, the purse was not produced in evidence. And the only description we have of the purse is that it was about a foot long, of undisclosed depth, and was held closed by a small clasp "about a half inch, perhaps a little less" in size. Certainly, under the circumstances, no inference favorable to the Government can be drawn from its failure to produce it.

■■ Though the evidence was not sufficient to support the charge of robbery, we think the case should have been sent to the jury on the lesser included offense of larceny. In our judgment, there is substantial evidence from which a jury may conclude beyond a reasonable doubt that Hunt and his co-defendant, acting in concert, came into possession of Mrs. Ali's wallet, knowing it was her wallet and intending permanently to dispossess her of it together with the money contained therein. At the very least there is substantial evidence to support the inference that the defendants picked up Mrs. Ali's wallet, knowing it was hers, and failed to return it to her, having opportunity so to do. This is larceny.[6] And there is no substantial evidence to support any reasonable hypothesis of innocence. Thus a jury question is presented on the issue of larceny.

Accordingly, the conviction will be reversed and a new trial will be granted on the lesser included offense of larceny.

So ordered.

3. Hart v. United States, 3 Cir., 84 F. 799, 804 (1898). Compare Curley v. United States, 81 U.S.App.D.C. 389, 392–393, 160 F.2d 229, 232–233 (1947), with Hammond v. United States, 75 U.S.App.D.C. 397, 127 F.2d 752 (1942).

4. See Note 1.

5. Compare Wigfall v. United States, 97 U.S.App.D.C. 252, 230 F.2d 220 (1956).

6. See cases collected in Annotation, 36 A.L.R. 372 (1925). See also 2 Wharton, Criminal Law and Procedure, § 492 (1957); A.L.I. Model Penal Code § 223.5 (Proposed Official Draft, May 4, 1962).