Gloria R. DENISON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17769.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 19, 1963.

Decided Oct. 17, 1963.

**624**

Miss Hazel P. Tucker, Washington, D. C., for appellant.

Mr. Gerald A. Messerman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, BURGER and MCGOWAN, Circuit Judges.

DANAHER, Circuit Judge.

A jury found the appellant guilty on two counts of violation of the narcotics laws but acquitted her on a third count which charged that she had facilitated the concealment and sale of narcotics. The sole defense at trial was entrapment. She concedes on brief that the trial court "properly instructed the jury on the law of entrapment." She seeks reversal of her conviction on the ground essentially that there was entrapment as a matter of law, and, in any event, because of her acquittal on the third count, the verdict was inconsistent.

The Government's evidence disclosed that on December 11, 1961 a Baltimore police officer, one Garrett, was working with agents of the Federal Bureau of Narcotics. That evening about 6:30 he met a special employee, and after receiving $50 in Government funds, the two proceeded by automobile to the 1400 block of Florida Avenue. The special employee entered premises there and returned in about ten minutes. The two men waited until the appellant came out and entered the automobile. She directed that the car be driven to the vicinity of 7th and E Streets, S. E., where she was to contact one "Frank," her source of supply. There she was given the $50, whereupon she entered a building at 715 Seventh Street, Southeast. Federal narcotics agents had the premises under surveillance at the time. Some ten minutes later the appellant returned to the automobile and handed to the officer 44 capsules containing heroin, retaining 6 capsules for herself.

The appellant testified that she was addicted to the use of narcotics at the time and had been for some months. She testified that she saw "Frank" and obtained narcotics from him. She denied testimony by the officer that the narcotics were being purchased for the purpose of resale and testified that she had participated in the purchase and delivery of the narcotics at the instance of and as a favor to the special employee. Further details elicited from testimony of the appellant and her paramour tended to show that "Frank" was known to them as a "big dealer" in "a higher grade of narcotics."

Viewing the record as a whole, there was conflicting evidence [1] to be sure, but an ample basis was established to support the jury's determination that the appellant was ready and willing to participate in the sordid venture to obtain 6 capsules of heroin for herself. We are unanimous in our view that there was no entrapment *as a matter of law*. Unlike the situation in Johnson v. United States, 115 U.S.App.D.C. 63, 64, 317 F.2d 127, 128 (1963), where a requested instruction was refused, the trial judge here fully charged the jury on the elements of en

1. Compare Sherman v. United States, 356 U.S. 369, 373, 78 S.Ct. 819, 821, 2 L.Ed. 2d 848 (1958), where the Court pointed out that "we are not choosing between conflicting witnesses, nor judging credibility. * * * We reach our conclusion from the undisputed testimony of the prosecution's witnesses." It is not for us to assess the extent of the credit the jury was free to accord to the testimony of the defendant and her paramour. See Wigfall v. United States, 97 U.S.App.D. C. 252, 230 F.2d 220 (1956).

trapment. Cf. Berry v. United States, 116 U.S.App.D.C. ——, 324 F.2d 407 (1963). Nor is there merit in the appellant's claim respecting the alleged inconsistency in the verdict. United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48 (1943); Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L. Ed. 356 (1932).

Affirmed.