409 P.2d 92

**STATE of Arizona, Appellee,**

v.

**Kenneth OVERTON, Appellant.\***

**No. I CA–CR 25.**

Court of Appeals of Arizona.

Dec. 28, 1965.

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 1316. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Lewis, Roca, Scoville, Beauchamp & Linton, by Paul R. Christiansen, John L. Hay, Phoenix, for appellant.

HATHAWAY, Judge.

This is an appeal from a felony conviction of attempting to receive stolen property.

The defendant, Kenneth Overton, proprietor of a boat shop near Parker, Arizona, told one Karol Mellor that he needed car motors for boats and didn't care how Mellor got them. Mellor decided to steal a new boat and motor and recruited one Larry Sparks to assist in the undertaking. Sparks, who possessed a police courtesy card, agreed to Mellor's plan and then notified the police of the proposed theft. On the night of June 11, 1962, the two stole a new boat, an outboard engine and a boat trailer which they towed to Parker and parked alongside the defendant's trailer. The police had kept the boat under observation from the time of the theft.

Counsel for the defendant contends there is no evidence that the defendant attempted to receive stolen property and the surveillance by the police deprived the property of its "stolen property" character.

The defendant testified that he knew the boat had been stolen, that he told Mellor and Sparks he didn't want the boat, and they agreed to bring him automobile engines. He made out a check to Sparks for $200 with the notation " '60 Scott and trailer" on the back. He told them he would keep the stolen boat if they did not return.

He testified that, without telling them, he changed his mind about keeping the boat and intended to stop payment on the check and inform the police.

Though the evidence is in conflict, the defendant's intention to receive stolen property is amply demonstrated in the record through testimony that he had seen the boat and knew that it had been stolen; he knew that it had been delivered to a location near his trailer and had given a check in the sum of $200 with the intention of keeping the boat or disposing of it for Mellor and Sparks if they returned with the automobile engines.

The jury certainly could have found that the defendant's overt act of giving the check constituted a step toward receiving stolen property. See State v. McCullough, 94 Ariz. 209, 210, 382 P.2d 682 (1963).

Defendant contends that the trial court erred in refusing his requested instruction that:

"Stolen goods cease to be stolen if recovered by the owner or law enforcement officers. If you find that the boat, motor and trailer in this case were recovered or recaptured by law enforcement officers, then the goods cease to be stolen and the subsequent purchase or receiving of the goods by the defendant, Kenneth Overton, even though he thought they were stolen goods cannot constitute the crime of receiving stolen property."

He further contends that it was error to give the following instruction:

"Stolen goods cease to be stolen if recovered by the owner or law enforcement officers. Knowledge of the owner or law enforcement officers as to where the goods are, or surveillance or observation of them, in the location in which they were placed by the thief does not constitute recovery as the word is used above.

"If you find that the boat, motor and trailer in this case were recovered by law enforcement officers previous to

the time of the alleged buying and receiving, then I instruct you that the defendant cannot be convicted of receiving stolen goods, but such fact, if you find it is a fact, is not a bar to conviction of an attempt to receive stolen goods, if the elements of such attempt have been found by the jury."

Defendant claims the second paragraph of the court's instruction is objectionable in that he could be convicted of attempting to receive stolen property even though the property was not stolen. It is argued that the property lost its "stolen property" character because Sparks, a police officer, had actual custody of the boat. The record indicates that although Sparks carried a special officer card and cooperated with the police, he was not a regular police officer. Defendant argues further that the proximity of the police to the property constituted actual physical possession by them, thereby changing the character of the property from "stolen" to "recovered."

We hold as a matter of law that the observation by the police and the participation of Sparks did not affect the property's character as "stolen property." State v. Marsalise, 172 La. 796, 135 So. 361 (1931). There being no evidence that the property had been recovered, it was error to instruct thereon. State v. Folk, 78 Ariz. 205, 209, 277 P.2d 1016 (1954). However, the instruction given was favorable to the defendant so he cannot complain. Hann v. State, 30 Ariz. 366, 371, 247 P. 129 (1926).

Judgment affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.