Gottfried William **KREUTER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 8870.

United States Court of Appeals Tenth Circuit.

May 4, 1967.

Rehearing Denied June 12, 1967.

---

Robert C. Hanna (of Hanna & Mercer), Albuquerque, N. M., for appellant.

Lewis O. Campbell, Asst. U. S. Atty. (John Quinn, U. S. Atty., and John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., on brief), for appellee.

Before LEWIS and HICKEY, Circuit Judges, and STANLEY, District Judge.

STANLEY, District Judge.

Kreuter appeals from a sentence imposed after a verdict of guilty on three counts of an indictment charging the interstate transportation of falsely made and forged securities, knowing them to have been forged and falsely made. 18 U.S.C.A. § 2314.

The securities involved were three separate Western Union money orders, each drawn on a San Francisco bank and in the amounts, respectively, of $8,500 (Exhibit 1), $8,500 (Exhibit 2) and $3,800 (Exhibit 3). Each purportedly was issued in Las Vegas, Nevada; was on a regular Western Union money order form; was made payable to Kreuter; and bore the signature "W. B. Hardy" as money order agent. One recited that it had been "telegraphed from" Los Angeles; one from San Francisco; and one from Tucson. The three money orders bore the numbers of forms which, together with others, had been stolen from the Las Vegas office of Western Union.

No person named W. B. Hardy was employed by Western Union, and the money orders were not signed by any authorized agent of Western Union. The money orders therefore were falsely made and forged. Each was negotiated by Kreuter in New Mexico and was transmitted through banking channels to California.

The facts stated thus far were not disputed by Kreuter. Although he did not himself testify at the trial, his version of the manner in which he came into possession of the securities was conveyed to the jury through exculpatory statements made by him to FBI agents who did testify. As related by the agents, Kreuter's story to them was that he had won $30,-000 in a three-day session of poker and gin rummy in a Las Vegas hotel room; that the losers, known to him as J. C., Ned, Ike and Joe, paid him $2,000 in cash and that Ned left the room and returned with four money orders making up the balance of the amount owing him. Among the money orders were the three here involved. Kreuter insisted in his statements to the agents that he did not know that the money orders were spurious.

Operating from this base, appellant's counsel contended at the trial that the elements of knowledge and intent had not been established beyond a reasonable doubt. In order for the jurors to have agreed with him, it would have been necessary for them to have accepted Kreuter's story to the agents as true. Apparently, the jurors did not believe it.

Appellant now raises four points on appeal. His first complaint is that the trial court was unduly restrictive in his voir dire examination of the jury panel. As permitted by Rule 24(a), Federal Rules of Criminal Procedure, the court conducted the examination of the prospective jurors. While the court embodied the substance of many of appellant's requests in the questions propounded by him, none were asked in the form requested. The purpose of the voir dire examination is to determine whether the veniremen are qualified, whether they have prejudged the case, and whether their minds are free from prejudice or

bias so as to enable the parties to ascertain whether a cause for challenge exists and to ascertain whether it is expedient to exercise the right of peremptory challenge. 50 C.J.S. Juries § 273, p. 1036. The extent of the inquiry must be left to the sound discretion of the trial court. Maguire v. United States, 358 F.2d 442, 10 Cir. The exercise of that discretion should not be interfered with unless it is clearly abused. United States v. Lebron, 222 F.2d 531, 2 Cir., cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774; United States v. Dennis, 183 F.2d 201, 227, 2 Cir.

■ While the voir dire examination might have been more searching, it was sufficient to test the qualifications and competency of the prospective jurors to try the case. Brundage v. United States, 365 F.2d 616, 10 Cir. We perceive no prejudice to appellant and cannot say that the trial court's discretion was abused.

■■ Appellant next attacks the trial court's instructions on criminal intent [1] and on the inference which might permissibly be drawn from flight and concealment,[2] contending that these instructions unduly emphasized circumstantial evidence when read in the light of evidence (admitted over objection) with respect to the cashing of a fourth money order by appellant. The fourth money order (Exhibit 4) was a Western Union money order similar to the three described in the three counts of the indictment. There was evidence that appellant attempted to negotiate it in New Mexico by opening an account at a Los Alamos bank, using it as the initial deposit. The attempt was aborted when a teller proposed that the Western Union office be called for verification of its validity. The same money order was negotiated later in California. This evidence was admissible to show a common scheme related to the crimes charged and to establish intent. Robinson v. United States, 366 F.2d 575, 10 Cir. The jury was properly instructed that this evidence was received only as it bore on the appellant's knowledge and intent.[3] Bird v. United States, 187 U.S. 118, 23 S.Ct. 42, 47 L.Ed. 100; Corbin v. United States, 253 F.2d 646, 10 Cir.; Hunt v. United States, 115 U.S.App.D.C. 1, 316 F.2d 652.

■ Appellant's requested instructions were not given by the court in the

---

1. "Intent may be proved by circumstantial evidence. While witnesses may see and hear and so be able to give direct evidence of what a defendant does or fails to do, of course there can be no eye witness account of the state of mind with which the acts were done or omitted. But what a defendant does, or fails to do, may indicate intent, or lack of intent, to commit the offense charged.

   "As a general rule, it is reasonable to infer that a person ordinarily intends all the natural and probable consequences of acts knowingly done or knowingly omitted. So, unless the evidence in the case leads the jury to a different or contrary conclusion, the jury may draw the inference and find that the accused intended all the natural and probable consequences which one, standing in like circumstances and possessing like knowledge, should reasonably have expected to result from any act knowingly done or knowingly omitted by the accused.

   "Unless otherwise instructed, in determining the issue as to intent, the jury is entitled to consider any statements made and acts done or omitted by the accused, and all facts and circumstances in evidence in the case which may aid determination of state of mind."

2. "The intentional flight or concealment of a defendant immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not of course sufficient in itself to establish his guilt; but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case, in determining guilt or innocence. Whether or not evidence of flight or concealment shows a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury."

3. "Evidence has come in as to a fourth money order, but he is not charged with any offense in that connection. The evidence came in as to that only insofar as it has some bearing or some weight on what his knowledge or intent might be in connection with the others, and that was the purpose of the Court in allowing that evidence."

form submitted. We have examined the requests and the charge given by the court, and find no error in the denial of the requests. Appellant, relying upon LaConte v. United States, 330 F.2d 700, 10 Cir., argues that the court should have given his requested instructions warning against reliance upon possibility, surmise or speculation. The case is not in point. The court there dealt with the sufficiency of proof. Here, the jury was told, in clear and understandable language, that conviction could not rest upon possibilities, surmises or speculation. "Where a trial court has substantially and correctly covered in its general charge the propositions set forth in a requested instruction, it may and ordinarily should refuse such requested instruction." Hanover Fire Insurance Company v. Sides, 320 F. 2d 437, 444, 5 Cir. The purpose of the court's charge is to inform the jury as to the law of the case applicable to the facts as the jury finds the facts from the evidence. The instructions here fulfill that purpose.

■ Citing United States v. Greever, 116 F.Supp. 755, D.D.C., appellant asserts that his endorsement of the money orders, using his own name, did not amount to forgery. He argues that the instruments therefore were not forged or falsely made; that their interstate transportation would not violate 18 U.S. C.A. § 2314; and that his motion for judgment of acquittal therefore should have been granted. The difficulty with this argument is that it assumes, incorrectly, that appellant must himself have forged the money orders. Appellant does not contend that the money orders were not forged or falsely made. His defense at the trial was that he innocently acquired them without knowledge of their spurious nature and that he lacked the requisite unlawful or fraudulent intent.

Section 2314 provides that " * * * Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; * * * " shall be punished.

■ "It is well settled that this statute also applies where a person 'causes' such a security to be transported in interstate commerce. It is incumbent upon the Government to prove, among other things, that the transportation in interstate commerce is accomplished with an unlawful and fraudulent intent. And, it has been held that the requisite intent exists where one obtains money or something of value in exchange for a check which he knows to be forged and which is drawn upon, and must be forwarded for collection to, a bank in another state." Halfen v. United States, 324 F.2d 52, 55, 10 Cir.

The motion for judgment of acquittal was properly denied.

■ Prior to trial, appellant moved that all statements previously made by him to agents of the government be produced for his examination. Appellant now cites the denial of his motion as error. The motion was denied May 2, 1966, before the effective date of the 1966 amendment to Rule 16, Federal Rules of Criminal Procedure. Before the amendment, such motions were addressed to the sound discretion of the court. Gevinson v. United States, 358 F.2d 761, 5 Cir. In support of his motion, appellant filed an affidavit reciting only that he was unable to remember the contents of his oral statement. His attorney had been permitted to examine the entire government file, but stated to the court that his recollection of the statement was not sufficiently clear to permit him to prepare his defense. Under the circumstances, we find no abuse of discretion.

We have examined the entire record and find no error.

Affirmed.