John E. ROBINSON, a/k/a Robert McDonald, Appellant,

v.

UNITED STATES, Appellee.

No. 5256.

District of Columbia Court of Appeals.

Argued Sept. 28, 1970.

Decided Oct. 28, 1970.

Charles Jarvis Murray for appellant.

Warren L. Miller, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Roger E. Zuckerman, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

In his appeal from conviction of petit larceny (shoplifting of numerous packages of cold capsules from a chain drug store corporation) appellant contends the prosecution's evidence was legally insufficient to prove that the capsules were unlawfully taken and carried away from the store. His motion for judgment of acquittal at the close of the government's case was based on the same contention. We hold that the motion should have been granted. Accordingly, the judgment of conviction is reversed with instructions to enter a judgment of acquittal.

Appellant and his companion were observed standing by a counter display of cold capsules. One of them had a large paper bag bearing the store name. In it the store manager saw a package of capsules of the same brand as those on the counter. This package was on top of other unidentifiable items. When asked about the bag's contents the manager was told, in effect, it was none of his business and that they had bought the items from another store. When asked for a sales slip for the contents of the bag, the two abruptly left the store. The manager followed them outside the store. When he returned shortly thereafter he observed that the display counter was substantially depleted of that brand of capsules.

There was no testimony that the counter had recently been stocked or was full just before the incident in question. According to the manager's testimony, the display ordinarily consisted of "three different sizes of these * * * capsules * * * 10's, 20's and 40's; that's the way they were packaged." He estimated that the rack usually held "about two dozen 10's, and possibly two dozen of the 20's * * *."

The manager and a police officer, who had just entered the store, immediately went looking for the two and found them walking a short distance away. When the manager pointed them out, the officer approached and the two entered a small grocery store. Appellant attempted to block passage of the officer at the entrance of the store while his companion went inside and dumped the bag in a freezer. Both were arrested and the contents of the bag were recovered.

According to the officer, the bag contained two cartons of 24 packs each, 19 other packs and some loose ones of the same brand of capsules kept on the display counter. The manager did not examine the bag and was unable to detail the number of packs or in any way describe the capsules except to say that he "saw the same thing [he] had seen when the two * * * were in the store originally." There was no testimony regarding the absence or presence of a sales slip. A price marking, in crayon, similar to one of three markings generally used in the chain of stores was on the packages containing the capsules. This was the same mark as used on the stock on the counter in question.

Despite the fact that the events known to the manager and the officer clearly warranted appellant's arrest, it must be recognized that the proof offered at trial circumstantially tends only to establish that appellant and his companion were attempting to avoid the consequences dictated by the reasonable appearance of things. This evidence highly suggests that they were *guilty of something*. But the le-

gal question, on the motion for judgment of acquittal, is guilty of what. The answer to that question cannot be founded in speculation or from the charge brought by the prosecution. E. g., Hunt v. United States, 115 U.S.App.D.C. 1, 4, 316 F.2d 652, 655 (1963). It must be found in proof that a larceny indeed took place. If that proof can be found, short of speculation, then the behavior of appellant and his friend clearly is enough to prove, by the requisite standard, that they were the perpetrators.

■ In reviewing the evidence for this purpose it becomes clear that there was no evidence that the display counter was depleted of its stock by criminal rather than ordinary commercial means. Moreover, there is a substantial and unexplained discrepancy between the size of packages kept on the counter and the size of some packages found in the bag by the arresting officer. In short, the prosecution did not establish that there was an unlawful taking. Williams v. United States, D.C.App., 254 A.2d 722, 723 (1969); Washington v. United States, D.C.App., 213 A.2d 819, 820 (1965); Nelson v. United States, D.C. Mun.App., 142 A.2d 604, 605 (1958); McGilton v. United States, D.C.Mun.App., 140 A.2d 190 (1958).

Reversed and remanded with instructions to enter a judgment of acquittal.