**Melvin H. BARNES, Sr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7404.**

District of Columbia Court of Appeals.

Argued Oct. 25, 1973.

Decided Dec. 28, 1973.

Alexander L. Benton, Washington, D. C., for appellant.

John T. Kotelly, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before REILLY, Chief Judge, and FICKLING and HARRIS, Associate Judges.

FICKLING, Associate Judge:

■■ Appellant Melvin H. Barnes, Sr., was convicted after a jury trial of violating D.C.Code 1973, § 22–2205 (receiving stolen property the value of $100 or upward).[1] On appeal his main contentions are that the trial court erred in denying (1) his motion for judgment of acquittal and (2) his proposed jury instructions.[2] After careful consideration we find these contentions without merit. We do find it necessary, however, to remand for resentencing.

In the spring of 1972, Forman Bros., Inc., a wholesale liquor distributor, was experiencing heavy losses from thefts. To determine if any of their employees were involved in these thefts, they hired R. L. McCracken Associates,[3] a private investigation service. The contract between Forman Bros. and McCracken provided that McCracken would furnish a full-time investigator to work at Forman Bros. in an undercover capacity. The undercover investigator assigned by McCracken was John E. Fairley; while at Forman Bros. he worked as a deliveryman.

On August 8, 1972, Rawley Spriggins, who was suspected of stealing liquor, was assigned as Fairley's helper in making deliveries. On that day Spriggins unsuccessfully attempted to deliver less liquor than was ordered at three different liquor stores. On his fourth try, however, he was able to "short" Luber's Liquor Store of two cases of Smirnoff Vodka half-pints. Although Luber's had ordered 15 cases of Smirnoff Vodka half-pints, only 13 cases were actually delivered.

After leaving Luber's Liquors, Fairley and Spriggins went to Excelo Wines & Liquors, Inc., which is owned by appellant, to make a delivery. When they arrived at the store, Spriggins told Fairley that he was going to try to sell the owner the two cases of vodka he had stolen from the Luber's delivery.[4] Fairley remained in the truck while Spriggins went into the store. Approximately 5 minutes later, Spriggins returned; he told Fairley that the owner agreed to buy the two cases of stolen vodka. Fairley then delivered to Excelo Liquors the items listed on the invoice[5] and the stolen vodka.

---

1. § 22–2205. Receiving stolen goods.

   Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or bought shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than $100, shall be fined not more than $500 or imprisoned not more than one year, or both.

2. Appellant also contends there was a fatal variance between the indictment and the proof at trial. The indictment charged appellant with receiving one case of vodka half-pints and one case of vodka pints, whereas at trial it was shown both cases of vodka were half-pints. In the circumstances of this case, we are of the opinion that this variance is not prejudicial and hence not fatal. *See Berger*

v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). We also find nonprejudicial the fact that the suffix "Sr." was not affixed to appellant's name in the indictment. *See* 41 Am.Jur.2d Indictments and Informations § 132 (1968); 65 C.J.S. Names § 5 b (1966).

3. Hereafter referred to as McCracken.

4. Appellant contends that hearsay testimony regarding conversations between Spriggins and Fairley unduly prejudiced his rights and denied him a fair trial. However, since the complained of testimony was unobjected to, uncontradicted, and supported by other competent evidence, it was not error for the jury to consider this testimony along with other evidence. *See* Fredericks v. United States, D.C.App., 306 A.2d 268 (1973); Bullock v. United States, D.C.App., 243 A.2d 677 (1968).

5. Appellant had ordered a variety of wines and one case of Smirnoff Vodka half-gallons.

When Fairley returned to the front of the store, he observed appellant behind the counter near the cash register handing Spriggins some money. Immediately after leaving the store, Spriggins told Fairley he had received $85 from appellant for the two cases of vodka; he then gave Fairley $42 and some change. The wholesale price of the two cases was $118.58. Fairley's share of the money received from Spriggins was turned over to McCracken as evidence.

Appellant urges that his motion for judgment of acquittal should have been granted on the ground the government failed to show that the two cases of vodka were stolen property.[6] He reasons that because the two cases of vodka were delivered to him by Fairley, a private undercover agent, the vodka lost its character as stolen property and was instead "recovered" property under the common law rule governing the receipt of stolen-but-recovered property. The rule is stated in United States v. Cohen:[7]

> When the actual, physical possession of stolen property has been recovered by the owner or his agent, its character as stolen property is lost, and the subsequent delivery of the property by the owner or agent to a particeps criminis, for the purpose of entrapping him as the receiver of stolen goods, does not establish the crime, for in a legal sense he does not receive stolen property. [Citations omitted.]

■ This rule, however, is inapposite to the circumstances of this case because Fairley never intercepted the stolen vodka. Fairley was hired by the owner as an undercover agent to cooperate with suspected thieves for the purpose of detecting them in the commission of a crime. Consistent with this purpose and in response to Spriggins' order, he delivered the stolen vodka

to appellant. At that time he was acting under Spriggins' direction as part of Spriggins' general criminal design. This delivery was therefore performed as a form of observation and surveillance rather than as a recovery of property on behalf of the rightful owner. Accordingly, we are of the opinion that the vodka was still stolen property when received by appellant. *See* United States v. Egger, 470 F.2d 1179 (9th Cir. 1972); *cf.* State v. Overton, 2 Ariz.App. 376, 409 P.2d 92 (1965).

We consider next the proposed jury instructions. At the close of all the evidence, counsel for appellant submitted two written jury instructions. The first related to appellant's theory that the vodka lost its character as stolen property when it was delivered to him by Fairley. The second was that the government must prove the specific amount of money paid by appellant to Spriggins for the vodka in order to show knowledge and intent. Appellant contends the trial court erred in denying these instructions. We disagree.

In support of the first proposed instruction, appellant relies on the "receipt of stolen-but-recovered property" rule as stated in *Cohen, supra.* As we said above, however, *Cohen* is inapplicable to the facts of this case. To instruct the jury on this rule would therefore have been improper.

■ The trial court also properly denied the second proposed instruction. "Possession of property recently stolen, if not satisfactorily explained, permits the jury to infer that the person in possession knew it had been stolen." Blue v. United States, D.C.App., 270 A.2d 508 (1970); *accord,* Simon v. United States, D.C.App., 293 A.2d 859 (1972). Thus in the instant case, where there was unexplained possession of recently stolen property, it was unnecessary for the government to prove the

6. The contention that the motion for judgment of acquittal should have been granted because value was not proved is without merit, since the evidence at trial showed that ap-

pellant received two cases of vodka valued at over $100.

7. 274 F. 596, 599 (3d Cir. 1921).

amount appellant paid for the stolen vodka, since the amount paid for stolen property is not an element of the crime.

After the trial court instructed the jury but before they began their deliberations, appellant's counsel requested an instruction on the number of witnesses. The instruction was as follows:

> The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side. [Criminal Jury Instructions for the District of Columbia No. 2.13 (2d ed. 1972).]

■ Appellant's claim that the trial court abused its discretion in denying this instruction is without merit. The purpose of this instruction is to warn the jury against determining the weight of the evidence solely on the basis of the number of witnesses testifying on either side. How-

ever, such an instruction is not required where the defense, as in the instant case, elects not to introduce any witnesses. Where this occurs, the function of the jury is no longer which side to believe but, rather, whether the government's proof is convincing beyond a reasonable doubt.[8] *See* Wigfall v. United States, 97 U.S.App. D.C. 252, 253, 230 F.2d 220, 221 (1956).

■ Lastly, we turn our attention to appellant's sentence. The trial court suspended imposition of incarceration and placed appellant on unsupervised probation for two years. In addition he was fined $2,000. Although neither party objected to the sentence, we find the imposition of the $2,000 fine to be plain error. Section 22–2205 provides that if a person is convicted of receiving stolen property "of the value of $100 or upward, [he] shall be imprisoned for not less than one year nor more than ten years." It is clear that § 22–2205 does not provide authority to impose a fine for such a felony conviction. Accordingly, we vacate the sentence and remand for resentencing. In all other respects the judgment of the trial court is

Affirmed.

---

8. Appellant raises additional objections to the jury instructions for the first time on appeal. However, a party seeking appellate review of erroneous jury instructions cannot raise the issue for the first time on appeal unless there is plain error. Hale v. United States, D.C. Mun.App., 114 A.2d 74 (1955); Collins v. United States, D.C.Mun.App., 41 A.2d 515 (1945); Super.Ct.Cr.R. 30. After carefully reviewing the entire charge, we find no plain error.