## COMMONWEALTH *vs.* EDWARD SHEDD.

Middlesex.   Nov. 23, 1885. — Jan. 7, 1886.   DEVENS & GARDNER, JJ.,
absent.

An indictment ᵢe Pub. Sts. *c.* 210, § 8, alleged that the defendant, at a time
and place ˗ a dwelling-house described, in the night-time, "feloniously did
attempt to ᴅ₁ₑₐₖ ₐnd enter, with intent the goods and chattels in said building,
then and there being found, then and there feloniously to steal, take, and carry
away, and in such attempt did then and there break and open three windows in
said dwelling-house;" but that the defendant "was then and there intercepted
and prevented in the execution of said offence." *Held*, that the indictment was
sufficient.

An indictment, on the Pub. Sts. *c.* 210, § 8, alleged that the defendant attempted to
break and enter a certain dwelling-house in the night-time, with the intent to
steal therein, and in such attempt broke and opened three windows in said
house, but was intercepted and prevented in the execution of said offence.   At
the trial, a police officer, who arrested the defendant, testified that, on the night
in question, he saw the defendant on the piazza in front of said house; that the
defendant turned the corner of the house, and the witness followed; that the
defendant then ran into the yard and hid; that the witness searched for him
with a lantern, and found him lying on the ground, apparently asleep, and with
his face covered with a handkerchief; that he made conflicting statements to the
witness as to his name and residence; and that three windows in the lower part
of the house, which had been shut, were open, and the fastenings, which were
on the inside, were turned aside.   *Held*, that the judge properly declined to
instruct the jury, as requested by the defendant, that, on the evidence, they
would not be warranted in finding a verdict of guilty.

INDICTMENT, on the Pub. Sts. *c.* 210, § 8, alleging that the
defendant, on July 28, 1884, at Malden, "a certain building, to
wit, the dwelling-house of one Sylvester K. Abbott, there situate,
in the night-time of said day, feloniously did attempt to break
and enter, with intent the goods and chattels in said building,
then and there being found, then and there feloniously to steal,
take, and carry away, and in such attempt did then and there
break and open three windows in said dwelling-house;" but that
the defendant "was then and there intercepted and prevented
in the execution of said offence."

In the Superior Court, before the jury were empanelled, the
defendant moved to quash the indictment, for the following rea-
sons: "1. The description of the offence is not identical with the
language of the statute creating the offence.   2. The offence of
an attempt to commit a breaking and entering is not set forth

plainly, formally, and substantially, with the degree of precision required when setting forth a statute offence.    3. The allegation of an offence is negatived in the indictment.    4. No offence under the common or statute law is set forth, and the allegations are vague, defective, and indefinite, under the rules of criminal pleading and the law of the land."    This motion was overruled; and the defendant excepted.

At the trial, before *Pitman*, J., Daniel W. Sullivan testified, for the government, as follows: "I am a police officer of the city of Malden; I saw the defendant on Main Street twice during the night of July 28, 1884, once near the house of Sylvester K. Abbott; I was afterwards walking in the direction of Abbott's house, when I saw the defendant on the piazza in front of the house; he turned the corner of the house, and I followed; he then ran through the yard into hollyhocks that were there growing; I then lost sight of him; I went across the street and borrowed a lantern, came back, and made search for him; I found him lying on the ground; his face was covered with a handkerchief, and he was apparently asleep; he said something about the night being warm, and the mosquitoes troubling him; he also told me that he had been drinking; I then arrested him; three windows in the lower part of Abbott's house were open, and the fastenings turned aside; the windows were fastened from the inside.    When I went to the house, I found the porch door open. The defendant made contradictory and false statements about his name and residence."

Mrs. Hattie C. Plummer testified that she was housekeeper for Abbott; that the occupants of the house were Abbott, his son Ralph, a gentleman, and herself; that, on the night in question, she retired while Abbott and his son were out; that Abbott and his son were both out late that night; that she admitted the son, but that his father was not at home when she did so; that the windows were shut and fastened when she retired, but that the room in which two of the windows were was but little in use, and she had not examined them that day; and that she did not at any time see the windows open after the alleged offence was committed.

Ralph K. Abbott testified that he did not notice the windows that day or night; that he was out late that night, and found the

door to the front porch of the house open when he returned, and he locked it.

The defendant offered no evidence; and asked the judge to instruct the jury that they would not be warranted, on the evidence, in finding him guilty of the offence charged in the indictment. But the judge declined so to instruct the jury.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. F. Dore*, for the defendant.

*E. J. Sherman*, Attorney General, and *H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The defendant was indicted, on the Pub. Sts. *c.* 210, § 8, for an attempt to commit burglary.

The indictment alleges that the defendant, a dwelling-house described, in the night-time, "feloniously did attempt to break and enter, with intent the goods and chattels in said building, then and there being found, then and there feloniously to steal, take, and carry away, and in such attempt" did certain acts, but "was then and there intercepted and prevented in the execution of said offence." The indictment is sufficient. *Commonwealth* v. *Flynn*, 3 Cush. 529. *Commonwealth* v. *McLaughlin*, 105 Mass. 460. It is argued that it is uncertain whether the words "said offence" refer to the burglary, or to the larceny, or to the attempt to commit burglary. But there is no uncertainty. The intent to commit larceny is alleged only as part of the offence of burglary, which the defendant is alleged to have attempted to commit, and the burglary, and not the attempt to commit it, is certainly the offence in the execution of which the defendant is alleged to have been intercepted and prevented. The motion to quash the indictment was rightly overruled.

There was evidence tending to prove that the defendant broke and opened the windows, which was the act alleged to have been done in the attempt to commit the burglary; and the jury might well have inferred, from the circumstances attending the act, and from the conduct and declarations of the defendant, that the act was done for the purpose of stealing from the building. The court could not properly have given the instruction prayed for, that, on the evidence, the jury would not be warranted in finding a verdict of guilty. *Exceptions overruled.*