## COHEN v. UNITED STATES.
### No. 740.

Municipal Court of Appeals for the District of Columbia.

Feb. 4, 1949.

Sidney M. Goldstein, of Washington, D. C. (Nathaniel Goldberg, of Washington, D. C., on the brief), for appellant.

Harold H. Bacon, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty. and John D. Lane, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of an assault upon a fourteen-year-old boy. The occurrence took place in appellant's store. The only witness to the incident called by the Government was the prosecuting witness who testified that appellant struck him across the face. Appellant, his brother and his son all testified that appellant did not strike the boy and did nothing more than restrain him by holding his arms after he had made threatening gestures at appellant. Another witness for appellant, a customer in the store, testified that he saw the scuffling between appellant and the boy, that he saw appellant hold the boy's arms, and that he did not see appellant strike or hit the boy in any manner. The trial court, hearing the case without a jury, found that ap-

---

pellant first struck the boy and that the scuffling followed the striking.

Appellant first contends that the verdict (finding) was contrary to the evidence and contrary to the weight of the evidence. It is unnecessary to cite authorities for the propositions that the weight of the evidence is a question for the trier of the facts and that a finding of fact supported by substantial evidence cannot be set aside by an appellate court. Appellant says that his testimony and that of his witnesses was so overwhelming as to reduce the Government's testimony to the status of "a mere scintilla of evidence." This argument ignores the principle that the trier of the facts is the judge of the credibility of witnesses and that weight of evidence is not necessarily determined by the number of witnesses. The testimony of the prosecuting witness furnished substantial evidence to support the finding.

Appellant further argues that the finding was contrary to law. For this contention he relies on the approval given in Hammond v. United States, 75 U.S.App.D.C. 397, 127 F.2d 752, and Cady v. United States, 54 App.D.C. 10, 293 F. 829; to the following quotation from Isbell v. United States, 8 Cir., 227 F. 788, 792: "Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt it is the duty of the trial judge to instruct the jury to return a verdict for the accused, and where all the substantial evidence is as consistent with innocence as with guilt it is the duty of the appellate court to reverse a judgment against him."

In Curley v. United States, 81 U.S.App. D.C. 389, 160 F.2d 229, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, it was held that the above quoted rule is erroneous or at least misleading if used as a guide for determining whether an accused is entitled as a matter of law to a directed verdict. Under no circumstances does the rule apply in this case. If the trial court, which acted as both judge and jury, believed the testimony of the prosecuting witness, as evidently it did, there was substantial evidence which excluded every other hypothesis but that of guilt; and such evidence was plainly inconsistent with innocence.

The sum and substance of appellant's argument is that the trial court should not have believed the testimony of the prosecuting witness and should have believed the testimony offered by appellant. This Court has no authority to pass upon such an assignment of error.

Affirmed.