**Ronald David HIATT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18819.**

United States Court of Appeals Eighth Circuit.

Nov. 9, 1967.

Paul E. Watts, Omaha, Neb., for appellant.

Thomas F. Dowd, Asst. U. S. Atty., Omaha, Neb., for appellee; Theodore L. Richling, U. S. Atty. for the District of Nebraska, was on brief with him.

Before VAN OOSTERHOUT, MEHAFFY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant, Ronald David Hiatt, from his conviction by a jury on an indictment charging him with breaking the seal of a box car containing an interstate shipment with intent to commit larceny in violation of 18 U.S. C.A. § 2117, and the resulting sentence imposed.

This appeal is based solely on defendant's contention that the evidence is in-

sufficient to support the conviction and that the court failed to sustain his motion for acquittal based upon the insufficiency of the evidence to support the guilty verdict.

The record discloses that the defendant made a motion for acquittal at the close of the Government's evidence, which was overruled. Evidence was then offered by the defendant. The motion for acquittal was not renewed at the close of all the evidence.

■ Defendant, by introducing evidence on his own behalf, waived the motion for acquittal made at the close of the Government's case.

■ By his failure to renew the motion for acquittal at the close of all the evidence, defendant afforded the trial court no opportunity to pass upon the sufficiency of the evidence as a whole and hence he has not preserved for appellate review the issue of the sufficiency of the evidence to support the conviction. Myers v. United States, 8 Cir., 337 F.2d 22, 23; Edwards v. United States, 8 Cir., 333 F.2d 588, 589; Gendron v. United States, 8 Cir., 295 F.2d 897, 900.

We have chosen to examine the record for the purpose of determining whether any Rule 52(b) plain error has been committed which would require a reversal. We are satisfied that no plain error or any error of any kind was committed in defendant's trial, and we affirm.

The elements of the offense here charged are: (1) interstate commerce; (2) breaking the seal of the box car; and (3) the intent to commit larceny within the box car.

■ Defendant concedes that an interstate shipment is established by the evidence. Proof that the car was sealed and under surveillance from the time the seal was inspected and found intact up to the time the railroad detectives heard the car door open and saw the defendant jump out of the car door shortly thereafter constitutes substantial evidence to support a finding that the defendant broke the seal.

The issue relating to defendant's intent to steal presents a closer question. The pertinent incident occurred after dark about 8 p. m. on October 16, 1966, in an area of the railroad yards a considerable distance from intersecting roads. Two railroad detectives, who were watching the car because of recent difficulty in the yards with seal breaking and theft, moved in on the defendant immediately upon hearing the opening of the car door. They were in seclusion about fifteen feet from the car. When they reached the car, an accomplice yelled and ran away, whereupon a detective fired several warning shots into the air. Defendant immediately jumped out of the open car door and was apprehended. He was equipped with a pair of pliers and a flashlight. The elapsed interval was too short to permit the theft of any of the contents of the car. However, completion of the act of larceny is not an essential element of the offense charged.

Defendant, as a witness on his own behalf, testified that he opened the car door and climbed on the car door sill for the purpose of casting light with a flashlight on an overhead bridge to help his companion see and shoot pigeons with a pellet gun. He testified that the gun was not in good condition and that the pliers were carried for the purpose of making adjustments on the gun. The detectives did not see any flashed light nor did they see the gun. It is apparent from the verdict that the jury did not believe defendant's explanation of the purpose of his presence in the box car.

Defendant's companion fled immediately upon seeing the detectives and defendant upon hearing the warning unsuccessfully attempted to escape. Defendant initially gave the detectives a false name and made no claim of pigeon hunting to the detectives or to the officer to whom the detectives delivered him. There were a number of vacant cars adjacent to the car on which defendant broke the seal but defendant chose to enter the sealed car which contained a furniture shipment.

We believe that the evidence is adequate to support a reasonable and permissible inference by the jury that the defendant broke the seal and entered the car with the intent of committing larceny. See Washington v. United States, 105 U.S.App.D.C. 58, 263 F.2d 742, 745; Cady v. United States, 54 App.D.C. 10, 293 F. 829, 831; 12 C.J.S. Burglary § 55; 13 Am.Jur.2d Burglary § 52.

We have examined State v. Reynolds, 28 Wis.2d 350, 137 N.W.2d 14, and State v. Kennedy, 15 Wis.2d 600, 113 N.W.2d 372, both Wisconsin cases which are relied upon by the defendant, and the later case of Galloway v. State, 32 Wis.2d 414, 145 N.W.2d 761. Such Wisconsin cases are not binding upon us and to the extent that they may be inconsistent with the view above expressed, we find that the reasoning of such cases is not persuasive and the result is contrary to the great weight of authority.

Our examination of the record convinces us that the defendant has had in all respects a fair trial and that no plain error has been committed.

The judgment is affirmed.