**Sandra P. FLECHER, Appellant,**

v.

**UNITED STATES, Appellee.**

.No. 9750.

District of Columbia Court of Appeals.

Submitted April 7, 1976.

Decided May 24, 1976.

William Jordan Temple, Washington D. C., for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson, Sallie H. Helm and Andrea L. Harnett, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

Appellant was convicted of attempted petit larceny after trial by jury on May 15, 1975. D.C.Code 1973, §§ 22–103, –2202.[1] She appeals from this conviction on the ground that she was denied her right under the confrontation clause of the Sixth Amendment to cross-examine adequately the complaining witness in an attempt to show bias against appellant. We affirm.

The only witness for the government was a store detective for Woodward & Lothrop, Inc., Ms. Valentine. She testified that on January 27, 1975, she observed appellant in the store place several items of

1. Appellant was charged with simple assault, D.C.Code 1973, § 22–504, at the same time she was charged with attempted larceny, and she was acquitted by the same jury that found her guilty of the attempted larceny charge.

merchandise in a brown shopping bag she was carrying, look around, cover the bag with a stuffed toy, and walk away. Ms. Valentine followed appellant up an escalator after appellant had passed several open cash registers, placed appellant under arrest, and handcuffed her. Ms. Valentine testified that as she was escorting appellant to the security office, appellant bent down and bit her, breaking the skin on her hand. Appellant then started to run and Ms. Valentine chased her. Appellant ran away three times, kicking and struggling in an attempt to escape, and eventually Ms. Valentine used mace spray to subdue her.

At the trial, the court refused to allow appellant's attorney to cross-examine Ms. Valentine concerning statements allegedly made by her to an Assistant United States Attorney, Mr. Couvillion. The United States Attorney's Office evidently had considered pursuing First Offender Treatment for appellant rather than prosecuting her. However the office would not proceed with this program without the approval of the complaining witness, and Ms. Valentine did not approve of this diversion. Appellant now argues that Ms. Valentine's insistence on pressing charges constitutes evidence of bias which should have been presented to the jury by cross-examination.

This appeal presents the novel issue of whether a complaining witness may be impeached for bias as a result of statements made to a prosecuting attorney concerning prosecution of the crime about which the witness is testifying, rather than for any bias resulting from contacts or experiences unrelated or collateral to the matter in issue, as is the usual case. *See, e.g., Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (attempted impeachment of witness with prior juvenile record to show ulterior motive in identifying defendant in order to shift suspicion away from himself); *Best v. United States,* D. C.App., 328 A.2d 378 (1974) (attempted impeachment of arresting officer with evi-

dence of alleged police brutality after arrest); *United States v. Wright,* 160 U.S. App.D.C. 57, 489 F.2d 1181 (1973) (attempted impeachment of police officer with evidence that he was a homosexual and that defendant had rejected his advances). Of course, if the mere pressing of charges against a defendant constituted some evidence of bias or hostility, then every complaining witness could be deemed biased and hostile and subject to cross-examination on this specific aspect.

■ We start with the proposition that trial courts have broad discretion in regulating the extent and scope of cross-examination of witnesses for bias or prejudice. *See Davis v. Alaska, supra; Hyman v. United States,* D.C.App., 342 A.2d 43, 44–45 (1975); *Best v. United States, supra* at 381; *Howard v. United States,* 128 U.S. App.D.C. 336, 341, 389 F.2d 287, 292 (1967). In making its decision, the trial court may balance the need for and probative value of the cross-examination against the potential harm it may cause. *See United States v. Wright, supra,* 160 U.S. App.D.C. at 62, 489 F.2d at 1186. Further, "courts have traditionally exercised their inherent power to confine the impeaching effect to evidentiary items possessing a potential for connoting bias." *Austin v. United States,* 135 U.S.App.D.C. 240, 243, 418 F.2d 456, 459 (1969). And this court may review the trial court's action in this regard only for abuse of discretion. *See Davenport v. District of Columbia,* D.C. Mun.App., 61 A.2d 486, 489 (1948); *Howard v. United States, supra,* 128 U.S.App. D.C. at 341, 389 F.2d at 292; *cf. Alford v. United States,* 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931).

■ Appellant claims that she should have been allowed in front of the jury to explore Ms. Valentine's potential for bias. However, all of the foundation for any possible bias on Ms. Valentine's part was already before the jury. They had heard

her testify that after the arrest appellant bit her, attempted to run away several times, and kicked and struggled until Ms. Valentine subdued her with mace. Appellant's attorney, of course, had cross-examined complainant fully after this testimony. Any further questioning about the complainant's bias or prejudice could only have amplified on these facts, since appellant made no proffer of any other source for potential bias. *Cf. Best v. United States, supra* at 382 & n.3.

We are not persuaded that the trial court's refusal to allow examination of the complaining witness in this case about statements she allegedly made to a prosecutor, which led to appellant's prosecution for attempted petit larceny and assault, constitutes prejudicial error. Appellant argues that there was more involved here than the complainant's pressing charges, since evidently the United States Attorney's Office did not believe prosecution was appropriate in this instance and only proceeded at Ms. Valentine's insistence. As the trial court noted, however, Ms. Valentine:

> was allegedly assaulted by [appellant], and as any other citizen whose [*sic*] assaulted in the streets or any place else, she has a right to have the case go forward . . . . And the fact that somebody goes down and seeks an arrest warrant for somebody who was assaulted does not demonstrate a type of hostility . . . that is admissible in evidence.

This was not the sort of situation "possessing a potential for connoting bias," *Austin v. United States, supra,* and consequently we conclude that the trial court did not abuse its discretion in deciding, after weighing the arguments on both sides, that the proposed examination was inappropriate.

*Affirmed.*