**David YORK, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 13804.**

District of Columbia Court of Appeals.

Submitted Sept. 18, 1979.

Decided Oct. 29, 1979.

---

Marilyn J. Holmes, appointed by this court, was on brief for appellant.

Judith W. Rogers, Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel and Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., were on brief for appellee.

Before NEWMAN, Chief Judge, and MACK and FERREN, Associate Judges.

MACK, Associate Judge:

Appellant challenges his conviction of two traffic violations: driving with a suspended operator's permit,[1] and operating a vehicle without a current inspection stick-

---

1. D.C.Code 1978 Supp., § 40–302(e) which states:

Any individual found guilty of operating a motor vehicle in the District during the period for which his operator's permit is revoked or suspended or for which his right to oper- ate is suspended under this chapter shall, for each such offense, be fined not less than $100 nor more than $500, or imprisoned not less than 30 days nor more than one year, or both.

er.[2]  As to the first conviction we remand for resentencing; as to the second, we reverse for the failure of the government to meet its burden of proof.

On February 15, 1978 at 1:50 a. m. two officers of the Metropolitan Police Department observed appellant driving a car with an inspection rejection sticker on the lower right portion of the windshield.[3]  They stopped the vehicle to see if the sticker was current.[4]  Neither officer could read the expiration date on the rejection sticker, which had been ripped and re-attached to the windshield.  One of the officers requested a computer check on the vehicle's registration and on the operator's license of the registered owner.  He was informed that York was the registered owner and that his driving privileges had been suspended.  The other officer saw a piece of paper in the front seat of the car with York's name on it.  On the basis of this information, they arrested appellant for driving with a suspended license, failure to display a current inspection sticker, and failure to exhibit the vehicle registration.[5]  A jury convicted appellant of operating a vehicle with a suspended license.  The trial judge found him guilty of operating without a current inspection sticker.

2.  32 DCRR § 4.204(a) which states:
    It shall be unlawful for any person to operate or park or permit to be operated or parked on public space any vehicle bearing current District of Columbia tags unless there is displayed on the right side of the windshield a current District of Columbia inspection sticker or a temporary sticker issued by the Director or a temporary registration card issued by a registered District of Columbia dealer or repair shop when transferring ownership for registration purposes, except that vehicles bearing current · dealer tags, transport tags, special use paper tags, or special bus identification shall be exempt from the sticker requirement.

3.  The officers testified that at that distance they were able to recognize the inspection rejection sticker because of its distinctive diamond shape.

4.  DCRR § 4.206(a) provides, in part, that
    If a rejection sticker is issued, the operation and use of such vehicle will be permitted for ten (10) days from the date of issuance; pro-

■  Appellant raises four issues on appeal.  First he contends that the stop of his car by the police officers was without an "articulable and reasonable suspicion" [6] that he was violating the law, making his subsequent arrest illegal.  That issue, however, was not preserved for review by this court.[7]  *Grennett v. United States,* D.C.App., 318 A.2d 589 (1974).  No pretrial motion to suppress was made, nor did appellant object to the evidence at any time in the trial below.  Super.Ct.Cr.R. 12(b)(3).  Appellant made no showing here that he was unaware of the grounds for the motion or that he lacked the opportunity to make it, as required by D.C.Code 1973, § 23–104(a)(2).  Accordingly, he is precluded from raising this issue now.  *Watts v. United States,* D.C.App., 362 A.2d 706 (1976) (en banc); *Adams v. United States,* D.C.App., 302 A.2d 232 (1973).

■  Next appellant contends that the trial judge improperly limited his efforts to impeach government witnesses.  He quotes several excerpts from the transcript where the trial court sustained objections to defense counsel's questions.  These questions were directed toward such matters as the circumstances leading up to the stop of appellant's vehicle, or the pendency of another action against appellant—all irrele-

vided, that the registrant or the person desiring registration to whom such rejection sticker was issued continues to hold legal title to such vehicle  .   .   ..

5.  The trial court found appellant not guilty of this charge.

6.  *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

7.  Apart from the inspection rejection sticker, there is no indication on the record that the police officers believed appellant to be violating the law when he was stopped.  We have not been squarely presented with the question whether the presence of a rejection sticker alone is sufficient to raise such a suspicion.  *Compare Delaware v. Prouse, supra* (random stops of cars to check licenses and registrations violate Fourth Amendment).

vant to the issue at trial.[8] In this court appellant argues that the questions were attempts to show bias and hostility of the government witnesses towards appellant. They were not characterized as such before the trial court. Trial judges have broad discretion in regulating cross-examination of witnesses for bias or prejudice. *Flecher v. United States,* D.C.App., 358 A.2d 322, *cert. denied,* 429 U.S. 977, 97 S.Ct. 486, 50 L.Ed.2d 585 (1976). We find no abuse of that discretion.

Appellant's last two arguments attack the basis for the inspection sticker violation. He argues that because the charging information cited an obsolete section of the Department of Motor Vehicles regulations,[9] his conviction was invalid. The record shows that the information gave appellant full notice of the charges against him and that this defense was not prejudiced in any way. *Ingram v. United States,* D.C.App., 392 A.2d 505, 508 (1978). Moreover, he failed to raise the issue below. The conviction cannot be overturned on these grounds.

Finally, appellant argues that the record does not contain sufficient evidence to support his conviction of operating a motor vehicle without a current inspection sticker. 32 DCRR § 4.204(a) requires that a "current" sticker be displayed. There is nothing in the record proving that the 10-day grace period of appellant's rejection sticker had expired. Both officers testified that they did not see the date. They testified that they considered the sticker "invalid" because its ripped condition obscured the date. The government did not introduce into evidence either the sticker or the inspection record, even though it could readily have done so. Absent real or testimonial evidence as to the expiration date, there was no basis for the conviction. *Robinson v. United States,* D.C.App., 270 A.2d 144 (1970). We reverse with the direction that the information be dismissed. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

We remand this case for resentencing because the trial court imposed a "split" sentence for the operating-after-suspension violation. This type of sentence has since been held invalid by this court. *Davis v. United States,* D.C.App., 397 A.2d 951 (1979).

*It is so ordered.*

---

**8.** The record contains a pretrial motion *in limine* made by corporation counsel requesting the trial judge to prevent appellant from raising several matters before the jury. Such a motion, if granted, would raise serious questions about the opportunity to present a defense. However, the motion is not marked as filed; there is no docket entry for it; there is no reference to this motion in the transcript of the trial. Since there is no indication in the record before us that the motion was even filed, much less ruled upon, we cannot consider its propriety here.

**9.** The printed form referred to § 17(a) Part III of the Traffic and Motor Vehicles Regulations of the District of Columbia which was replaced by 32 DCRR § 4.204(a).