**UNITED STATES, Appellant,**

v.

**Derrick BRADFORD, Appellee.**

No. 83–199.

District of Columbia Court of Appeals.

Argued Nov. 30, 1983.

Decided Oct. 12, 1984.

---

Amy S. Berman, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Robert B. Cornell, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellant.

Melvin M. Dildine, Washington, D.C., appointed by this court, for appellee.

Before PRYOR, BELSON and ROGERS, Associate Judges.

BELSON, Associate Judge:

The sole question on this appeal is whether the robbery indictment on which appellee was convicted set forth sufficiently all the elements of that offense. We find that it did, and reverse the trial court's grant of appellee's motion in arrest of judgment.

Appellee was tried on a one-count indictment purporting to charge armed robbery in violation of D.C.Code §§ 22–2901 (1981), –3202 (1981 & Supp.1983).[1] According to the government's evidence, the complainant, Deborah Redd, was accosted on the street by two men. One of the men grabbed her around the neck and held a gun to her stomach while the other man took from her a bag containing money and other belongings. The complainant recognized the gun-wielding assailant as appellee because at one time she had lived only a few doors from him.

The trial judge instructed the jury fully on the elements of robbery. The defense raised no challenge to the adequacy of the instructions or the sufficiency of the indictment. After the jury returned a guilty verdict, the trial judge sua sponte raised a question about the sufficiency of the indictment. Appellee then moved to arrest judgment pursuant to Super.Ct.Crim.R. 34. The trial judge, concluding that the indictment failed to allege that the taking of complainant's property was by force or intimidation, granted the motion and entered a judgment of conviction of petit larceny only. The government appealed.

■ It is well established that an indictment must contain all the essential elements of the offense charged. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Hackney v. United States,* 389 A.2d 1336, 1341 (D.C. 1978), *cert. denied,* 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 95 (1979); *United States v. Owens,* 332 A.2d 752, 753 (D.C.1975); Super.Ct.Crim.R. 7(c). It is also well established that one of the essential elements of robbery is that the taking of property be accomplished by force or by putting the victim in fear. *See Rouse v. United States,* 402 A.2d 1218, 1220 (D.C.1979); *Hunt v. United States,* 115 U.S.App.D.C. 1, 4, 316 F.2d 652, 655 (1963); Criminal Jury Instructions for the District of Columbia, No. 4.61 (3d ed. 1978). The robbery statute declares that a person is guilty of robbery if he "by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear ... take[s] from the person or immediate actu-

---

1. Section 22–2901 is the general robbery statute; § 22–3202 provides for the imposition of additional penalties on a person who commits crimes of violence "when armed with or having readily available" a pistol or other dangerous weapon.

al possession of another anything of value." D.C.Code § 22–2901 (1981).

The indictment in this case stated in the caption, "Violation: 22 D.C.Code 2901, 3202 (Armed Robbery)." The body of the indictment alleged:

> On or about July 1, 1981, within the District of Columbia, Derrick Bradford and a person unknown to the grand jury, while armed with a dangerous weapon, that is, a pistol, stole and took from the person and from the immediate actual possession of Deborah Redd, property of value belonging to Deborah Redd, consisting of money and clothing. (Armed Robbery, in violation of 22 D.C.Code, Sections 2901, 3202).

██ Although the indictment in part tracks the robbery statute, it does not employ the statutory language regarding "force or violence" or "putting in fear." However, an indictment does not have to be phrased in the precise language of the statute defining the offense. *Smith v. United States*, 466 A.2d 429, 432 (D.C.1983) (per curiam); *see Nichols v. United States*, 343 A.2d 336, 342 (D.C.1975). Indictments are given a common sense construction, *Ingram v. United States*, 392 A.2d 505, 506 (D.C.1978) (per curiam); *Hackney, supra*, 389 A.2d at 1341, and are read to include facts necessarily implied by the specific allegations made. *Nichols, supra*, 343 A.2d at 342.[2]

██ Moreover, although a claim that an indictment fails to set forth the essential elements of an offense may be raised at any time, *Nichols, supra*, 343 A.2d at 341; *Bush v. United States*, 215 A.2d 853, 855 (D.C.1966); Super.Ct.Crim.R. 12(b)(2), in-

dictments which are tardily challenged, as this one was, will be "liberally construed in favor of validity," *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir.1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). In such a case, the indictment will be deemed sufficient if the necessary facts "appear in any form, or by fair construction can be found within the terms of the indictment." *Hagner, supra*, 285 U.S. at 433, 52 S.Ct. at 420; *United States v. Czeck*, 671 F.2d 1195, 1197 (8th Cir.1982); *United States v. Hart*, 640 F.2d 856, 857–58 (6th Cir.), *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981); *Pheaster, supra*, 544 F.2d at 361; 1 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 123, at 354–55 (2d ed. 1982).

██ Ultimately, a court must review a challenge to an indictment in light of the safeguards to a criminal defendant which an indictment is designed to provide. *Russell, supra*, 369 U.S. at 763, 82 S.Ct. at 1046; *see Ingram, supra*, 392 A.2d at 506; *Hackney, supra*, 389 A.2d at 1341. Previous holdings have emphasized two such protections: (1) an indictment must sufficiently apprise the defendant of the nature of the accusations against him so that he can prepare his defense, and (2) it must enable him to plead an acquittal or conviction in bar of future prosecutions. *Hamling, supra*, 418 U.S. at 117, 94 S.Ct. at 2907; *Russell, supra*, 369 U.S. at 763–64, 82 S.Ct. at 1046–47; *Smith, supra*, 466 A.2d at 431–32; *Hsu v. United States*, 392 A.2d 972, 976–77 (D.C.1978); *Punch v. United States*, 377 A.2d 1353, 1360 (D.C.1977), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).[3]

---

**2.** The Supreme Court has long directed a nontechnical reading of indictments. As the Court explained in *Russell, supra*, 369 U.S. at 762, 82 S.Ct. at 1046 (footnote omitted):

> The 1872 statute provided that "no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defend-

ant." 17 Stat. 198. This legislation has now been repealed, but its substance is preserved in the more generalized provision of Rule 52(a) of the Federal Rules of Criminal Procedure [identical to Super.Ct.Crim.R. 52(a)] which states that "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

**3.** A third protection, less frequently discussed, is that the accused is to be tried only on such charges as a grand jury has returned. *Russell,*

It hardly can be contended that appellee here could be placed again in jeopardy for the same offense since he could rely on the entire record in any future proceeding, *see Russell, supra*, 369 U.S. at 764, 82 S.Ct. at 1047, and the record contained evidence that the taking was accomplished by force. Hence, the second criterion is satisfied. Our primary focus, then, is on whether this indictment informed appellee sufficiently of the charge against him. We have suggested that this inquiry boils down to the question of " 'whether it is fair to the defendant to require him to defend on the basis of the charge stated in the indictment.' " *Ingram, supra*, 392 A.2d at 506 (quoting *Hackney, supra*, 389 A.2d at 1341).

Several features of this indictment combined to inform appellee fairly of the charges. First, the indictment stated that the taking was done by appellee (and the other person) "while armed with a dangerous weapon, that is, a pistol." Although technically this does not exclude the possibility that the gun was hidden in a pocket or otherwise concealed, the more natural implication is that the weapon was brandished or its presence otherwise made known to complainant, which in turn implies that the property was taken by putting the victim in fear.

■ Second, the indictment alleged that the property was taken "from the person and from the immediate actual possession" of the complainant. Robbery is distinguished from larceny in that robbery is a crime against possession *by a person* whereas larceny is a crime against mere

possession. *See Rouse, supra*, 402 A.2d at 1220; *Jones v. United States*, 362 A.2d 718, 719 (D.C.1976). In *Turner v. United States*, 57 App.D.C. 39, 16 F.2d 535 (1926), the Court of Appeals for the District of Columbia rejected the argument that a taking from a victim in so stealthy a manner that the victim was unconscious of the taking did not amount to a robbery. In so doing, the court discussed the important role that the concept of a taking from the person plays in the definition of robbery, stating: "the requirement for force is satisfied within the sense of the statute by an actual physical taking of the property from the person of another, even though without his knowledge and consent, and though the property be unattached to his person." *Id.* at 40, 16 F.2d at 536. The indictment in this case charged a taking "from the person and from the immediate actual possession" of the victim, thus distinguishing the charge from larceny and informing the appellee that he was charged with robbery.

■ Third, the words "armed robbery" appeared twice in the indictment, in the caption, and in the parenthetical at the end of the charge. Courts will consider the caption and parenthetical references of an indictment, at least when they reinforce what is implicit in the body of the charge. *See Smith, supra*, 466 A.2d at 432; *Czeck, supra*, 671 F.2d at 1197; *United States v. Arteaga-Limones*, 529 F.2d 1183, 1188 (5th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976); *see also Hackney, supra*, 389 A.2d at 1340–41. We think

*supra*, 369 U.S. at 771, 82 S.Ct. at 1051; *Hackney, supra*, 389 A.2d at 1340. This protection arises from the Fifth Amendment's mandate that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The purpose of this requirement, the Supreme Court has said, is "to limit [a defendant's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell, supra*, 369 U.S. at 771 (quoting *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960)). To allow the prosecutor or the court to guess what was in the

minds of the grand jurors at the time they returned the indictment would deprive the defendant of this "basic protection." *Id.* 369 U.S. at 770, 82 S.Ct. at 1050. "For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.*

We are persuaded that the offense for which appellee was tried was the same offense that was in the minds of the charging grand jurors. The same reasons that lead us to believe he was sufficiently apprised of the offense charged lead us to this conclusion. *See* the discussion of that issue *infra* p. 434.

the words "armed robbery" clearly convey the idea that force or the threat of force was used in committing the crime. *Cf. United States v. Owens, supra,* 332 A.2d at 754–55 (the word "steal" in an indictment imports the element of specific intent). Indeed, when the trial judge began to instruct the jury on what robbery is, he said, "[I]t's pretty self-evident, but I will give you the legal definition."

Fourth, the caption and parenthetical also informed appellee that he was charged with violating D.C.Code § 22–2901 (1981), the robbery statute. As noted above, that section explicitly states that robbery consists of the taking of another's property by force or by putting in fear. Appellee was represented throughout the proceedings by counsel, who, if truly unsure of the nature of the charge against his client, could easily have confirmed what was implicit in the words of the indictment.

Finally, we note that appellee's counsel conceded in the trial court that the defense was on notice of the nature of the charge. This reinforces our conclusion that the indictment, as worded, though far from model, was sufficiently clear to inform the defendant of what he had to meet. We are satisfied that it was not unfair to require appellant to defend on the basis of the indictment.[4]

■ Accordingly, we reverse the trial court's grant of the motion in arrest of judgment and order reinstatement of the jury's verdict of guilty of the charge of armed robbery.[5]

*So ordered.*

---

**4.** We are in a position to construe this indictment liberally in favor of validity because appellant's challenge came so late. *United States v. Pheaster, supra,* 544 F.2d at 361. Under other circumstances, such inartful drafting might lead to reversal.

**5.** There is no double jeopardy bar to reinstatement of verdict upon an appeal such as this.

See *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 570, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).